Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning and welcome to our second day of this calendar. Our Zoom transmission worked pretty well yesterday so we're hoping it all goes well today and Judge Lagoa, Judge Brasher and I are very happy to have all of you with us. You'll see a timer on the screen that is going to try to replicate the timer you would have had in the courtroom. When the numbers go yellow that means that your time is about to run out so you should start to wrap up. If we take you beyond the red timer then don't worry about it. You're on our time and not yours. And with that we're ready to begin with our first case which is number 19-10308, Jerome Williams v. The United States. Mr. Smith. Thank you, Your Honor. Toby Smith representing Jerome Williams. May it please the court. When Mr. Williams was sentenced in 1998, clear principles in this circuit's, in this court's precedence established that his 1977 federal kidnapping conviction could not have been a violent felony under either the ACCA's enumerated clause or its elements clause. Because of that, his sentence is identifiable as one that more likely than not was based solely on the ACCA's vague residual clause. When I speak of the law at the time of sentencing, really I'm talking about three specific matters. First, the sentence had long been recognized not to require the use of threat of force. Two, this court's application of the elements clause which in 1998 was very clear and strict that the court would look only to the statutory elements in the definition of the offense and not look to offense conduct in applying the definition I'm referring to is classifications of kidnapping and other similar offenses under the ACCA and crime of violence definitions. Now the third of those has taken on kind of an outsized prominence in the briefs because the first and second really were extremely clear. There, there wasn't any room for argument that was throughout the 90s in this circuit's precedents very clear that the court would not look to offense conduct in applying the elements clause. It would only look to the statutory elements. Mr. Smith, can I ask you a question and you don't have to answer it immediately but I'd like you to try to address it at some point during your argument. What do we do with the modified categorical approach and your clients non-objection to the offense conduct for the prior convictions in the pre-sentence investigation report? Your Honor, I'll answer that immediately. The after Shepard, there was there was a shift in this circuit's precedents after Shepard. Shepard of course was decided in 2005 seven years after Mr. Williams was sentenced and after Shepard this court did between Shepard and DeCamp really begin to look more often at offense details but in 1998 you know we're talking when we talk about the elements clause we're talking about about a provision that encompasses offenses that have as an element the use or threat of force and this court in the 90s applied that provision basically according to its text and I would go back to the even in 1990 shortly before Taylor I believe in the United States versus Gonzalez Lopez which is cited in our brief but quickly it's 9-11 Federal Second 542 the court said the phrase as an element only permits an examination of the statute not particular conduct of the defendant of the defendant on the day the crime was committed so the the more facts focused modified categorical approach that this court applied before DeCamp was was a fairly novel development in the circuit's jurisprudence it wasn't it wasn't an approach the court was taking in 1998 and I think the precedents back that up it continued on past 2000 in 2001 the Fulford decision reiterated what 1994 decision in United States versus Oliver so I don't believe that although the government's brief has suggested it and has cited post Shepherd authorities to as a basis for that argument I I don't believe that there was any question under the precedents at the time of sentencing that the sentencing court couldn't look to the offense details in the pre-sentence report it had to look only to the statutory elements right thank you is that I'm sorry is there another question no not for me thank you well let me let me let me interrupt and ask you a question so I the way I see the district court's decision I think probably the government's argument is that we have said in previous cases that this issue is a question of historical fact right what was the judge thinking at the time of sentence and I don't think anyone disagrees with your read of the law at the time but I think the district court at least was suggesting that the law just doesn't tell us the judge was thinking at the time that as a matter of historical fact maybe we just don't know what the judge was thinking and so what do you say about about that I think that I have two points about that first is that I think you're right about the judge saying essentially I can't tell you about this historical fact you know this when I'm writing this opinion judge Smith is saying 21 years had passed he didn't purport to remember what he did 21 years before or even more generally how he was applying the elements clause or the residual clause so so we don't come even though it is is labeled as a question of he looked at to decide that historical fact was purely legal evidence it was purely the evidence from the precedents that were in place at the time of sentencing and and that puts us in a different posture on appeal because he didn't make the kind of finding of fact that turns on credibility determinations or on weighing evidence other than simply the legal evidence that's why we've argued that essentially the question before this court is a question of law that this court can and should decide de novo because the because it is a question of what this courts precedents more likely than not would have what result they would have produced more likely than not in 1998 may I ask you a question there's the decision the picket decision where I believe judge Marcus wrote that the district court should consider in the first instance whether picket can show as a historical fact that he was more likely than not sentenced under only the residual clause is there anything in the record that shows that the district court at the sentencing relied solely on the residual clause so this is well the short answer is there's nothing in the record as far as the sentencing record the transcript the pre-sentence report there's nothing that identifies any particular clause so that means that the only available evidence is the evidence regarding the state of the law in 1998 that evidence we believe really does show that the it is more likely than not that the district court rely or the sentencing court relied only on the residual clause because that's the only ACCA clause that this course precedents would have allowed if you know assuming they were applied faithfully which is something I think we can and should assume the residual clause is the only one that would have been able to cover a kidnapping offense clearly kidnapping is not an enumerated defense and the elements clause as I was just saying in response to Judge Jordan the elements clause looked was applied by looking only to the statutory elements and for since 1946 at least the Supreme Court's Chapman decision had made clear that federal kidnapping could be committed by simply deception or purely mental restraint and that's that's just what the text of the kidnapping statute says as well and so even though there was no on-point precedent that had already said in this circuit as a binding matter kidnapping is a residual clause offense the residual clause was the only reservoir into which this sentence could be could be placed under the ACCA three clauses but isn't that isn't that always going to be the case when you bring one of these claims because there's the second I mean if that weren't the case then your claim would fail because another clause would apply right so is it always going to be the case when you bring one of these claims that the other clauses wouldn't apply um I don't think that's been what I've seen in Johnson 2255 decisions out of this court there have been a lot where there's been a very clear question about whether a lot involving burglary for instance where there's been a very very close question or maybe not even that close about whether burglary would have it would have been a generic burglary that fell under the enumerated clause there have been decisions involving assaults can prior assault convictions and whether those would have fallen under the elements clause based on the divisibility jurisprudence or lack thereof at the time those things so so I don't think that's true I am nearly just so just to understand you're pointing to the clarity of that issue in this case as something that would distinguish it from other cases where the issue would still be in all these cases we would still have to decide whether the crime fell under the elements clause or the enumerated clause but in this case you're saying it was really clear that it didn't fall under couldn't fall under if the sentencing court faithfully applied binding precedent it could not have been placed under the enumerated or the elements yes your honor I'll wait for my rebuttal thank you all right thank you very much mr. Smith okay mr. Billingsley may it please the court good morning Michael Billingsley for the United States we think this case is essentially identical to picket in terms of the pre remand record in that case in that case you had a silent record everybody agreed the record was silent didn't shed any light on the issue in this case you have a record that everybody agrees doesn't shed any light on the issue in picket you had some non-binding authority on both sides of the issue that the parties were arguing supported their position in this case you have some non-binding authority on both sides of the issue as well the difference in the main difference in picket of course was a remand was required because the district court in that case issued its order granting 22-5 relief under a lighter standard than Beeman before Beeman came out but in order to determine that a remand was necessary it was a government appeal of course this court could have affirmed if he had met the burden on the existing record the pre remand record court held that he did not meet his burden and again we submit the record here is nearly identical to that record all right mr. billions let me let me ask you a question to try to get an answer to what the legal landscape was given our courts decisions on how to use the elements clause 1998 and what federal kidnapping was again back in 1998 if the district court in sentencing mr. Williams had based its ACA ruling solely on the elements clause we would have reversed right I don't know that your honor but I think that's the problem tell me tell me how tell me how we would have affirmed well as we said in our opinion what an opinion would have looked like that would have affirmed a ruling by the 1998 I think that the reasoning would have been similar to the reasoning of the Second Circuit on bond case and the Kaplansky case where the court found it qualifies categorically on the residual clause but also that particular conviction because you can make a determination as Taylor allowed that the jury in that case necessarily would have convicted him of a crime that required force and so the problem is that our elements jurisprudence at the time was elements issue is the government has to prove one or the other has to prove to state it simply deception or the use of force with kidnapping and just like the court decided in Rainer you could look at in a burglary case you could be convicted of a burglarizing a building which would qualify or burglarizing an automobile which would not and if you could look at the record again Taylor for qualifying documents you look and see that jury necessarily convicted you of the one that the government had to prove beyond a reasonable doubt in order to convict you that it would qualify but I think the trap that that I've fallen into considering this case and thinking about it and what I want to emphasize to the court is this idea that we're looking at the issue of this we had if it had been fully litigated fully briefed to the district court what would better answer have been and what asking this court to decide what was the better answer but that's not the question before the court it's a back and say that was a better answer it doesn't meet his burden of establishing it as a matter of historical fact that the district court relied solely on the residual cost I think that can't that can't be right because Beeman says that at least in some cases the legal landscape is going to give you an answer when the underlying record is silent it's as to what the district court did so I understand your position about this case but it can't be that the legal landscape can never provide the answer for you with a silent record right well no I would that Beeman allowed for that and picket recognized that but what Beeman said was if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction with a violent felony that circumstance would strongly point to a sentencing for the binding case that said it only qualify on the residual clause based on the Beeman test but you had a judge who just erroneously found it qualified on the elements clause as a matter of fact and meeting is burden of proof in that hypothetical case the petitioner would not be able to meet it but I think the law but that's in a case where the district judge explains what he did right right exactly right you're right but I'm just saying that even if the law was clear in a case like this I think it needs to be much clearer than it is here of the nine cases he cites to support or not necessarily to support but he says addresses this issue or similar issues only two of those cases address the particular statute we're talking about federal kidnapping that was the discourse decision in the salami I don't know if I'm pronouncing that right where it found that it qualified on the almost caused in the guidelines context I acknowledge that and there's the patino case which is a Second Circuit case where the court found indicta I acknowledge that as well the court said it can't be questioned that it includes a threat of force against a person and so those are the only two decisions that address the statute that he's pointed to and both of them support a finding that the court could have relied upon the elements clause I think what about the what about the Tenth Circuit decision in Phelps and the Ninth Circuit decision in sure body well all of these are non-binding up of course your honor and so the course they are right I know but you're talking about you're talking about patino which is also non-binding I agree I agree and I'm not I'm not trying to assert that the court necessarily would have relied upon the elements cause that's not my burden I'm not trying to say I know that we don't know that that's the point but the if you look at picket the court really didn't give much credence to these non-binding non-precedential finding precedential decisions and we think that's the same course that needs to be followed here in order to follow the decision in picket because we're and that the practical reality is if you look at what picket said about it for example it talked about a decision that was unpublished and at that time in the table and he talked about the practical reality that the judge probably wouldn't even have seen that decision and so those practical considerations are applicable here too I mean a district court in this if this issue had come up the decision that probably would have been most persuasive and in fact this 925 relief characterizes Salimi decision as very persuasive that's the case in the 11th Circuit the only one that really addressed this issue head-on again it was in the guideline context but as this court is repeatedly held and even in picket acknowledges in a footnote this court because the two definitions are identical generally interprets them the same way so the district court in this case finding that decision was very persuasive it's attention has been picket the court court said we don't even know if the district court if gave thought to this issue but when you don't know the party with the burden loses so mr. Williams hasn't met his burden of proof again we would urge this court just to compare the record and picket in this case and they're very similar in terms of silent record and you have some non-binding authority on both sides mr. Billingsley yes um so explain to me was so this issue wasn't litigated in at the sentencing court at the time is that right that's correct so given that it wasn't litigated how can we even ask the question of what the judge thought as a matter of historical fact go ahead I because again you could have a judge who was was wrong to find if they thought about the elements closet found that it qualified it could be just obviously wrong and that still would mean that the individual did not meet his or her burden I think they're looking to the case law and if you look at picket and you look at beam and they talk about making it clear that you would I assume you then they say would be strong evidence because you would presume that a judge follow the law and so if you had a case in the 11th Circuit that said this this kidnapping qualifies under residual clause and only the residual clause the absence of anything else it seems a presumption that the judge would follow that decision or maybe that's the reason it wasn't litigated because everybody knew that decision was there and that's why there was no objection that in that kind of a circumstance you couldn't meet your burden of proof but there's nothing like that here again the club most closely on point decision in the 11th Circuit found that it had a inherently involved the third of force that's the site and given that the given that the issue wasn't litigated and we don't have a ruling on it isn't it possible that the judge just saw that one of these crimes was kidnapping and just assumed it's a kidnapping crime it must have an element of force I think I think absolutely your honor I think that's possible and if you refer back to that Second Circuit decision the court says that the common crime of kidnapping involves a threatened use of physical force against the person and thus is a crime of violence under the statute cannot be questioned but you know that's what the court just reactively thought and you know and again it may be that the parties didn't object because of that reaction but the fact is there's nothing to tell us one way or the other you take it and beam and you know have said if you can't tell one way or the other you haven't met your burden of proof one one more question if I might I didn't see you lay out what you think is the appropriate standard of review with regard to the district courts decision what do you think that is well I think in this instance especially because you have a district court who was the same judge that sentenced the individual it's a question of fact that's entitled to some deference now I understand that you know generally the way I think of that is you these questions are entitled entitled to deference because the judge was in a better position to make the determination so I understand mr. Smith's argument that that's not true here but I think because it was the same judges entitled to some deference it may be entitled to deference anyway because it's a question of fact but certainly in this case it's entitled to some deference because you're talking about the same judge who sentenced the individual deciding on the 2255 in terms of this question whether he has established more likely than not that the residual clause and only the residual clause was a basis for the enhancement thank you the last point I would just make is that the reason the idea that the residual clause would be the easier way to analyze the issue that's sort of the catch-all that I think that argument was rejected in both Beeman's and Pickett's so if there are no further questions we were just asked this court to respectfully to affirm the decision of the district court thank you thank you very much just a few points that the government has raised here first regarding the standard of review deference would obviously be rented if the district judge who as mr. Billingsley correctly notes had been the sentencing judge if he had purported to draw on his own recollection in any way he did not he didn't explicitly say I don't recall but he looked only to the state of the law and that is something that this court is at least as well positioned to review as the district court was it's therefore a primarily illegal question and that makes it appropriate for de novo review second the government talks about the lack of clarity in the law at the time of sentencing but when it when it does that it's talking only about the fact about the the law regarding the classification of kidnapping and similar offenses under the ACCA and crime of violence definitions and there and there was not absolute clarity there but there was very clear precedent that was binding in this circuit and binding on the sentencing court about the interpretation of the federal kidnapping statute and its elements there was also very clear law in this circuit about the how the elements clause would be applied and that it would be applied only based on elements not offense details ultimately here we believe the district court misapplied beam and in concluding that mr. Williams could not carry his burden unless it was entirely clear and the government echoes this argument unless it was entirely clear that the ACCA's residual clause was the only basis for classifying a federal kidnapping offense as a violent felony demon did not change the preponderance of the evidence burden of proof and persuasion that this courts precedents impose and have for decades imposed on 2255 movements and really nationally there is a consensus across circuits but a 2255 movements burden is a preponderance burden picket expressly stated a Johnson 2255 claim can succeed in the face of some uncertainty so so the lack of absolute clarity here simply doesn't resolve the matter finally the last point I want to respond to is that the government's argument that the sentencing court might also or instead have relied on the elements clause is fundamentally an argument that the sentencing court might have misapplied clearly established principles and that that creates uncertainty and because of that uncertainty mr. Williams can't carry his burden the government uses the specter of error the possibility that the sentencing court might have applied the elements clause to an offense with no force element and argues that mr. Williams can't carry his burden simply because of possibility of error misapplication of the law I believe that's wrong for three reasons one it overstates a preponderance burden as I've said two it gives the sentencing court too little credit for being able to correctly apply clear legal principles in force of the time of sentencing three there's a fundamental unfairness here mr. Williams either that this sentencing court either relied only on the residual clause which would make the sentence unconstitutional or it misapplied president precedent and the government is ultimately asking this court to uphold an unconstitutional sentence based on the possibility the court misapplied the law I'd like to thank the court for its time and ask to reverse the denial of the 2055 motion all right thank you mr. Smith thank you both very much